IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| KEOKUK JUNCTION RAILWAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-CV-1139 |
| TOLEDO, PEORIA & WESTERN RAILWAY CORP., | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Toledo, Peoria & Wester Railway Corp.'s (TP&W) Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (d/e 8) (Motion). The Motion is fully briefed, and pursuant to Local Rule 72.1, the District Judge has referred the matter for a Report and Recommendation. After carefully considering all of the submissions of the parties, and pursuant to 28 U.S.C. § 636(b)(1)(B), this Court recommends that the Motion should be DENIED.

## LEGAL STANDARD FOR MOTION TO DISMISS

For purposes of the Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint (d/e 1) and draw all inferences in the light most favorable to Plaintiff Keokuk Junction Railway

Company (KJRC). Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Dismissal is proper where the Complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While the Complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if KJRC "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

STATEMENT OF FACTS

Plaintiff KJRC is a corporation with its principal place of business in Peoria, Illinois. Complaint, ¶ 3. TP&W is a foreign corporation that does business in Illinois and has an office in East Peoria, Illinois. Id. ¶ 4.[1] On October 28, 2004, the Surface Transportation Board (Board) entered a decision (Decision) in an administrative proceeding to require TP&W to sell to KJRC a seventy-six mile rail line from LaHarpe, Illinois, to Hollis, Illinois (Line) for $3,940,756.00. Complaint, Exhibit A, Decision, at 25. On February 7, 2005, the Board modified and affirmed the Decision (Affirmance), increasing the purchase price to $4,165,742.00. Complaint, Exhibit B, Affirmance, at 15.

On February 11, 2005, the closing occurred. KJRC paid the purchase price to TP&W, which TP&W accepted. KJRC took possession of the Line and has operated the Line ever since. Complaint, ¶¶ 7-11. TP&W, however, did not execute and deliver a quitclaim deed (Deed) to KJRC, as required by the Decision. Complaint, ¶12, Decision, at 24. According to the Decision, TP&W was also required to deliver other records, deeds, valuation maps, easement records, engineering drawings, contracts, bridge inspection records and all other records related to the property (Documents) within thirty days of closing. Decision, at 24-25.

---

[1]KJRC does not allege the jurisdiction of incorporation of either party.

TP&W did not deliver the Documents as required by the Decision. Complaint, ¶ 12.

Instead of delivering either the Deed or Documents, TP&W filed an action for judicial review before the Court of Appeals. The Court of Appeals affirmed the decision of the Board in 2006. Toledo, Peoria & Western Ry v. Surface Transportation Bd., 462 F.3d 734 (7th Cir. 2006). The Supreme Court denied TP&W's petition for writ of certiorari (Petition) on March 19, 2007. Toledo, Peoria & Western Ry v. Surface Transportation Bd., 549 U.S. 1278 (2007). KJRC alleges that TP&W, however, has still not delivered the Deed and Documents. KJRC alleges that TP&W has also continued to collect rents and other revenues from tenants and other entities along the Line. Complaint, ¶ 12. KJRC asks the Court to specifically enforce the Decision and for an accounting.

## ANALYSIS

TP&W moves to dismiss on the grounds that the claim is barred by the federal catch-all four-year statute of limitations. 28 U.S.C. § 1658(a) (Federal Catch-All Limitation). The Federal Catch-All Limitation states,

> (a) Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.

28 U.S.C. § 1658(a). The Federal Catch-All Limitation became effective

on December 1, 1990.  Pub. L. 101-650, Title III, § 313(a), 104 Stat. 5114. Thus, the issue is whether KJRC's claim arose under an act of Congress enacted after December 1, 1990.  A cause of action arises under an act of Congress if the cause of action was made possible by a post-1990 enactment.  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 379, 382 (2004).  If the party could have brought the claim before December 1, 1990, then the Federal Catch-All Limitation does not apply even if Congress subsequently amended the relevant statute.  Id.

KJRC could have brought this action before December 1, 1990. KJRC brings this action to enforce the Decision and for an accounting.  The Decision arose under an administrative proceeding authorized by 49 U.S.C. § 10907.  Section 10907 authorized the forced sale of railroad lines under certain conditions.  The Interstate Commerce Commission (ICC) presided over such forced sale proceedings before 1995.  See Cheney R. Co. v. I.C.C., 902 F.2d 66 (D.C.Cir. 1990).  In 1995, Congress abolished the ICC in the ICC Termination Act of 1995 (Act), and transferred the ICC's duties with respect to railroads to the Board.  See 49 U.S.C. § 702; Toledo, Peoria & Western Ry, 462 F.3d at 736 n.1.  The Act also moved the forced sale provisions from the prior 49 U.S.C. § 10910 to the current § 10907.

Neither the current § 10907, nor the prior § 10910, authorizes private civil actions to enforce administrative decisions ordering forced sales.

Rather, the private action is currently authorized under 49 U.S.C.

§ 11704(a). Section 11704(a) states,

> (a) A person injured because a rail carrier providing transportation or service subject to the jurisdiction of the Board under this part does not obey an order of the Board, except an order for payment of money, may bring a civil action in a United States District Court to enforce that order under this subsection.

49 U.S.C. § 11704(a).[2] Section 11704(a) was enacted as part of the Act, and became effective on December 29, 1995. Pub. L. 104-88, Title I, § 102(a), 109 Stat. 846. The Act moved the private cause of action from the prior 49 U.S.C. § 11705(a) to § 11704(a). The prior § 11705(a) was in effect before December 1, 1990, and stated:

> (a) A person injured because a carrier providing transportation or service subject to the jurisdiction of the Interstate Commerce Commission under chapter 105 of this title or a freight forwarder does not obey an order of the Commission, except an order for the payment of money, may bring a civil action to enforce that order under this subsection.

49 U.S.C. § 11705(a) (1990 ed). The differences between the current § 11704(a) and the prior § 11705(a) reflect the substitution of the Board for the ICC and the limitation of the Board's jurisdiction to railroads. See Toledo, Peoria & Western Ry, 462 F.3d at 736 n.1.

Both the current § 11704(a) and the prior § 11705(a) authorize a private cause of action to enforce an administrative decision authorizing a

---

[2] KRJC alleges that it is a person under the Act. Complaint, ¶ 6; see 1 U.S.C. §§ 1, 10102(4).

forced sale against a railroad.  That is exactly what KJRC seeks to do in this action.  KJRC's cause of action, therefore, was authorized by Congress before December 1, 1990.  Because the cause of action existed before that date, the Federal Catch-All Limitation does not apply.  Jones, 541 U.S. at 382.

When Congress has not enacted an applicable statute of limitations, the Court borrows the most applicable statute of limitations from the law of the forum state, in this case Illinois.  Jones, 541 U.S. at 379.  KJRC proposes Illinois' seven-year statute of limitations for enforcing judgments.  735 ILCS 5/12-108.  The Court disagrees.  An administrative decision is not a judgment;  a judgment is a final, appealable decision of a court under either federal or Illinois law.  See Fed. R. Civ. P. 54(a); Leavell v. Department of Natural Resources, 397 Ill.App.3d 937, 951, 923 N.E.2d 829, 843 (Ill. App. 5th Dist. 2010).   Rather, the Illinois catch-all five-year statute is the most appropriate Illinois limitation provision.  735 ILCS 5/13-205.  In this case, the cause of action accrued when the Supreme Court denied the Petition on March 19, 2007.  KJRC brought this action on April 5, 2011, well within the five-year statute.  The Motion should therefore be denied.

TP&W cites two cases which indicate that the Federal Catch-All Limitation applies to actions brought under other provisions of the Act.

Pejepscot Indus. Park, Inc. v. Main Cent. R. Co., 215 F.3d 195, 203 n.5 (1st Cir. 2000); Tillman v. Bulkmatic Transport Co., 2006 WL 1793562 (N.D. Ill. 2006).  Neither case relates to causes of action brought under § 11704(a) and neither case addresses whether the relevant cause of action existed before the enactment of the Act.  The First Circuit also did not have the Supreme Court's guidance on this matter since it decided the Pejepscot case before the Jones decision.

This Court must follow the Supreme Court's instruction and determine whether the Act made the cause of action possible in 1995 or whether the claim could have been brought before December 1, 1990.  See Jones, 541 U.S. at 382.  In this case, KJRC could have brought the action before December 1, 1990, pursuant to the prior § 11705(a).  The four-year Federal Catch-All Limitation does not apply.  Rather, the Illinois five-year statute applies and the matter is not barred.

WHEREFORE the Court recommends that the Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (d/e 8) should be DENIED.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation.

28 U.S.C. § 636(b)(1). Failure to file a timely objection will constitute a waiver of objections on appeal. See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2.


ENTER: August 22, 2011


          *s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE