IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| KEOKUK JUNCTION RAILWAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-cv-1139 |
| TOLEDO, PEORIA & WESTERN RAILWAY CORP., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Keokuk Junction Railway Company's (KJRC) Motion for Joinder of Parties (d/e 18) (Motion). KJRC brought this action against Defendant Toledo, Peoria & Western Railway Corp. (TP&W) to enforce an administrative decision of the Surface Transportation Board (STB).  Complaint (d/e 1), Exhibit A, STB Finance Docket No. 34335, Decision entered October 28, 2004 (Initial Decision), as modified by Exhibit B, Affirmance on Reconsideration entered February 7, 2005 (Affirmance), at 15 (The Initial Decision and Affirmance are hereinafter collectively referred to as the "Decision").  The Decision directed TP&W to sell to KJRC its interest in a seventy-six mile rail line from LaHarpe, Illinois, to Hollis, Illinois (Line), for $4,165,742.00.  Initial

Decision, at 25; Affirmance, at 15.  The Decision was affirmed on appeal. Toledo, Peoria & Western Ry v. Surface Transportation Bd., 462 F.3d 734 (7th Cir. 2006), cert. denied, 549 U.S. 1278 (2007).

The Complaint alleges that TP&W has failed to comply with the Decision.  KJRC alleges that TP&W has refused to convey its interest in the Line to KJRC by quit claim deed and refused to deliver other documents related to ownership.  KJRC also alleges that TP&W continued to collect rents from tenants on the Line after the Decision.  KJRC asks the Court to order TP&W to convey the Line to KJRC by quit claim deed, and to deliver related ownership documents.  KJRC also seeks an accounting. Complaint, at 2-3.

KJRC brings this action under 49 U.S.C. § 11704(a), which authorizes a private cause of action to enforce a decision of the STB. Section 11704(a) states,

> (a) A person injured because a rail carrier providing transportation or service subject to the jurisdiction of the Board under this part does not obey an order of the Board, except an order for payment of money, may bring a civil action in a United States District Court to enforce that order under this subsection.

49 U.S.C. § 11704(a); see Report and Recommendation entered August 22, 2011 (d/e 10), at 6-7.[1]

---

[1] KJRC alleges that it is a person under the Act.  Complaint, ¶ 6; see 1 U.S.C. §§ 1, 10102(4).

The Motion asks the Court to join certain parties that claim an interest in the Line (Proposed Parties) under Federal Rules of Civil Procedure 19 and 20(a)(2). KJRC and TP&W, however, both agree that the Proposed Parties are not parties that are required to be joined under Rule 19. Motion ¶ 6; Defendant Toledo, Peoria & western Railway Corp.'s Amended Response to Motion for Joinder of Parties (d/e 20) (TP&W Response) ¶¶ 1-3. The Court agrees.

Rule 19 authorizes joinder when a party is required to be joined to provide complete relief to the parties or to protect the interests of the party to be joined. Fed. R. Civ. P. 19(a). The Court can provide complete relief to KJRC without the Proposed Parties. The Complaint asks the Court to order TP&W to comply with the Decision and to account for rents received. The Complaint does not ask this Court to adjudicate the validity of any interest in property in the Line. The only issue is compliance with the Decision. None of the Proposed Parties is bound by the Decision because none was a party to the administrative proceeding; the Decision does not order KJRC or TP&W to take any action to with respect to the Proposed Parties; and the Decision does not order the Proposed Parties to do anything. Thus, the Court can give KJRC complete relief without the Proposed Parties. If KJRC prevails, TP&W is to convey its interest in the

Line by quit claim deed, deliver the related documents, and account for the rents.

The Proposed Parties' claims of interest will not be affected by the outcome of this case. They are not bound either by the Decision or by the judgment of this Court in this case. Any of the Proposed Parties may still assert an interest in the Line. If KJRC prevails, the Proposed Parties may assert the interest against KJRC instead of TP&W, but they still may assert their claims. Thus, joinder under Rule 19 is not appropriate.

KJRC asks the Court to allow permissive joinder of the proposed parties under Federal Rule of Civil Procedure 20(a)(2). Rule 20(a)(2) allows permissive joinder if the plaintiff's right to relief against the party to be joined arises out of the same transaction as the claims against the current defendant and a question of law or fact common to the defendant and the party to be joined will arise in the action. Fed. R. Civ. P. 20(a)(1) & (a)(2). TP&W argues that KJRC does not assert a right to relief against the Proposed Parties and no common questions of law or fact exist. The Court agrees.

The Complaint does not allege a claim against any Proposed Party. KJRC brings a one-count complaint under § 11704(a). Section 11704(a) authorizes the Court to enforce the Decision. The Proposed Parties are

not bound by the Decision, the Decision does not order KJRC or TP&W to take any action with respect to the Proposed Parties, and the Decision does not order the Proposed Parties to do anything.  KJRC's Complaint, therefore, does not assert a right to relief against any Proposed Party.

The Complaint also only raises questions of law or fact related to whether TP&W complied with the Decision, not to the quality of any interest in property.  The Decision directs TP&W to sell its interest in the Line to KJRC.  The Decision does not direct TP&W to quiet the title or otherwise challenge any other claims of interests in the Line.  The Proposed Parties' possible interests in the Line, therefore, are not relevant to whether TP&W complied with the Decision.

KJRC seems to be inviting the Court to adjudicate the Proposed Parties' interests in the Line.  The Complaint does not allege a count or claim to adjudicate Proposed Parties' claims of interests in the Line.  The Complaint only alleges a claim to enforce the Decision under § 11704(a).  KJRC fails to demonstrate that the current Complaint asserts a claim of a right to relief against any of the Proposed Parties, and fails to show that a common question of law or fact exists.  Joinder of the Proposed Parties to the claim asserted in the current Complaint is not appropriate under Rule 20(a)(2).

WHEREFORE, Plaintiff Keokuk Junction Railway Company's Motion for Joinder of Parties (d/e 18) is DENIED.

ENTER:   August 30, 2012

          *s/ Byron G. Cudmore*
          BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE