# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| KEOKUK JUNCTION RAILWAY COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 11-cv-1139 |
| TODEDO, PEORIA & WESTERN RAILWAY CORP., | ) ) ) ) | |
| Defendant. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Keokuk Junction Railway Corporation's (KJRC) Motion for Leave to File First Amended Complaint (d/e 22) (Motion). KJRC seeks to amend the count (Count I) alleged in the Complaint (d/e 1) and to add a new count for declaratory judgment (Count II). For the reasons set forth below, the Motion is allowed in part and denied in part.

## BACKGROUND

KJRC commenced a forced sale proceeding (Proceeding) before the Surface Transportation Board (STB or Board) pursuant to 49 U.S.C.

§10907, to force Defendant Toledo, Peoria & Western Railway Corp. (TP&W) to sell to KJRC its interest in a seventy-six mile rail line from LaHarpe, Illinois, to Hollis, Illinois (Line) to KJRC.  Upon completion of the Proceeding, the STB issued its Decision.  Complaint (d/e 1), Exhibit A, STB Finance Docket No. 34335, Decision entered October 28, 2004 (Initial Decision), as modified by Exhibit B, Affirmance on Reconsideration entered February 7, 2005 (Affirmance), at 15 (The Initial Decision and Affirmance are hereinafter collectively referred to as the "Decision").  The Decision directed TP&W to sell to KJRC its interest in the Line for $4,165,742.00.  Initial Decision, at 25; Affirmance, at 15.  The Decision was affirmed on appeal.  Toledo, Peoria & Western Ry v. Surface Transportation Bd., 462 F.3d 734 (7th Cir. 2006), cert. denied, 549 U.S. 1278 (2007).  KJRC brings this action against TP&W to enforce the Decision.  See Report and Recommendation entered August 22, 2011 (d/e 10), at 4-6.

The original Complaint alleges that TP&W has failed to comply with the Decision.  KJRC alleges that TP&W has refused to convey its interest in the Line to KJRC by quit claim deed and refused to deliver other documents related to ownership.  KJRC also alleges that TP&W continued to collect rents from tenants on the Line after the Decision.  KJRC asks the Court to order TP&W to convey the Line to KJRC by quit claim deed, and to

deliver related ownership documents.  KJRC also seeks an accounting.  Complaint, at 2-3.

KJRC now seeks to amend Count I to clarify some of the allegations and to add Count II.  Count II alleges that TP&W wrongfully attempted to convey interests in the Line to entities related to TP&W during the pendency of the Proceeding.  Count II asks for a declaratory judgment that KJRC is the owner of the interest in property in the Line that was required to be conveyed by the Decision, that the wrongful transfers by TP&W are void, and that KJRC is entitled to all easement and license fees generated by the Line after the entry of the Decision.  Motion, Exhibit A, First Amended Complaint.  TP&W opposes the Motion.

## ANALYSIS

This Court should freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  This Court may deny leave to amend "on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility."  Guise v. BWM Mortgage, LLC, 377 F.3d 795, 801 (7th Cir. 2004).  TP&W argues that the proposed amendment would be futile.  The Court addresses each proposed Count separately.

A. Proposed Count I

KJRC brings this action under 49 U.S.C. §11704(a), which authorizes a private cause of action to enforce a decision of the STB. Section 11704(a) states,

> (a) A person injured because a rail carrier providing transportation or service subject to the jurisdiction of the Board under this part does not obey an order of the Board, except an order for payment of money, may bring a civil action in a United States District Court to enforce that order under this subsection.

49 U.S.C. §11704(a); see Report and Recommendation entered August 22, 2011 (d/e 10), at 6-7.

The proposed Count I restates the claim in the current Complaint, but modifies some of the allegations to reflect information secured in discovery. Motion, at 1. The Court previously found that the Complaint stated a claim. Order entered September 14, 2011 (d/e 11). The proposed modifications clarify KJRC's claim. The amendment, thus, should aid the Court and the parties in resolution of the claim.

TP&W argues that Count I is futile because the claim is barred by the statute of limitations.[1] TP&W first argues that the request for an accounting is barred by the statute of limitations set forth in 49 U.S.C. §11705(c).

---

[1] TP&W did not raise these arguments in its motion to dismiss the original Complaint. Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (d/e 8).

Section 11705(c) states that, "a party must file a complaint with the Board to recover damages under section 11704(b) of this title within 2 years after the claim accrues." Section 11704(b) states, in part, that, "A rail carrier providing transportation subject to the jurisdiction of the Board under this part is liable for damages sustained by a person as a result of an act or omission of that carrier in violation of this part." 49 U.S.C. § 11704(b). TP&W, therefore, argues that KJRC's claim for an accounting is barred by the two-year statute in §11705(c).

The Court disagrees because §11705(c) does not relate to actions in federal court. Section 11705(c), by its terms, sets a limit for filing an administrative complaint in front of the STB. Section 11705(c) does not set a limit for filing actions in federal court. An injured party seeking damages under §11704(b), however, has the option to proceed before the STB or to file an action in court. Section 11704(c)(1) states, in part, "A person may file a complaint with the Board . . . or bring a civil action under subsection (b) of this section to enforce liability against a rail carrier . . . ." 49 U.S.C. §11704(c)(1). KJRC elected to proceed in federal court with its claim for an accounting. Section 11705(c), therefore, does not apply.

KJRC also alleges that it is seeking an accounting under §11704(a), not §11704(b). See Complaint ¶ 12. Section 11704(a) authorizes actions

to enforce decisions of the Board. In the case of the Decision, §11704(a) effectively authorizes this court to specifically enforce the Board's order to TP&W to sell the Line to KJRC. An accounting is sometimes appropriate in actions, such as this one, that effectively seek specific performance. See e.g., Medcom Holding Co. v. Baxter Travenol Laboratories, Inc., 106 F.3d 1388, 1403 (7th Cir. 1997) ("The district court's award of equitable compensation following the accounting, like the award of specific performance, is an exercise of equitable discretion . . ."). If so, KJRC's claim for an accounting is not a claim for damages under §11704(b), and so, §11705(c), again, does not apply. The parties have not briefed the issue of whether KJRC's accounting claim is a claim for an equitable remedy or an action for damages, and the Court need not decide the issue. Under either theory, the two-year limitation in §11705(c) does not apply.

In the alternative, TP&W argues that the claim for an accounting is barred by 49 U.S.C. §11705(e). Section 11705(e) states that, "a party must begin a civil action to enforce an order of the Board against a rail carrier for the payment of money within one year after the date the order required the money to be paid." Section 11705(e) does not apply as KJRC brings this action to enforce the Decision. The Decision is not an order for the payment of money. The Decision directs TP&W to sell its interest in the

Line to KJRC.  Thus, §11705(e) does not apply.  The proposed Count I states a claim.  KJRC's request to amend the Complaint to substitute the allegations in Count I for the claim in the original Complaint is allowed.

  B. Proposed Count II

Count II seeks a declaratory judgment that TP&W's wrongful transfers of interest in the Line are void and that KJRC is the owner of the TP&W's interest in the Line without the wrongful transfers.  Count II states a claim.  Section 11704(a) authorizes this Court to enforce orders of the Board, such as the Decision.  KJRC commenced the Proceeding to force the sale of TP&W's interest in property in the Line (Original Interest in Property).[2]  Upon the Proceeding, KJRC was entitled to purchase the Original Interest in Property.  See Rail Road Ventures, Inc. v. Surface Transportation Board, 299 F.3d 523, 554-55 (6th Cir. 2002).  KJRC alleges that TP&W attempted to frustrate the statutory forced sale process by engaging in transfers to entities related to TP&W.  TP&W thereby allegedly wrongfully diminished or encumbered its interest in the Line to avoid transferring to KJRC the Original Interest in Property.  Pursuant to §11704(a) and 28 U.S.C. § 2201, this Court can declare such wrongful transfers to be void in order to give full effect to the Decision to transfer the

---

[2] This Court will not decide the exact nature of TP&W's interest in property in the Line at the commencement of the administrative proceeding.  Section 11704(a) only authorizes this Court to enforce the Decision, not to quiet title.  See Opinion entered August 30, 2012 (d/e 21), at 4-6.

Original Interest in Property.  Parties cannot be allowed to engage in such alleged subterfuges to frustrate the clear Congressional purpose to empower the Board to force the sale of railroad lines in the public interest. See  49 U.S.C. §10907.

TP&W argues that this Court lacks jurisdiction to hear Count II.  The Court respectfully disagrees.  Section 11704(a) provides the jurisdictional basis for this action.  Section 11704(a) authorizes civil actions in District Court to enforce orders of the Board, such as the Decision.  KJRC alleges that it commenced the Proceeding to force the sale of TP&W's Original Interest in Property in the Line.  KJRC prevailed before the Board and secured the Decision in which the Board ordered such a sale.  KJRC alleges that TP&W engaged in wrongful transfers to related entities to circumvent the Decision to avoid selling the Original Interest in Property to KJRC.  Section 11704(a), therefore, provides a jurisdictional basis.  The Declaratory Judgment Act authorizes this Court to enter a declaratory judgment in appropriate cases in which the Court has subject matter jurisdiction.  28 U.S.C. § 2201; see Nationwide Ins. Co. v. Zavalis, 52 F.3d 689, 691-92 (7th Cir. 1995).  This Court, therefore, has subject matter jurisdiction under §11704(a) to hear Count II, and authority under 28 U.S.C.

§2201 to provide declaratory relief.  The proposed claim in Count II is not futile for lack of subject matter jurisdiction.

TP&W argues that the proposed Count II should not be allowed because KJRC failed to include necessary parties.  TP&W alleges that the related entities that participated in the alleged transfers are necessary parties to any action to avoid those transfers.  KJRC concedes that the related entities are necessary parties, but asks that it be allowed to join them as additional parties.  Actions should not be dismissed for lack of necessary parties when joinder is feasible.  Fed. R. Civ. P. 19(a).  KJRC and TP&W have not identified the alleged related parties.  The Court, therefore, cannot address whether any of such unnamed parties is necessary and whether joinder is feasible.  The best solution is to direct KJRC to amend the proposed Count II to name the related entities as additional defendants.[3]  The Court, therefore, will deny KJRC request to file Count II as alleged, but grant leave to file an amended Count II that names the related entities as additional defendants.

WHEREFORE Plaintiff Keokuk Junction Railway Corporation's Motion for Leave to File First Amended Complaint (d/e 22) is ALLOWED in

---

[3] The Court previously denied KJRC's request to add necessary parties.  Opinion entered August 30, 2012 (d/e 21).  The Court denied the request because the proposed parties were not necessary to the claim alleged in the original Complaint.  The proposed Count II now alleges that these parties participated in transfers designed to frustrate the Decision.  The related entities are now necessary parties to KJRC's claim in Count II to void those transfers.

part and DENIED in part.  Plaintiff may amend the Complaint to substitute Count I in the proposed Amended Complaint for the claim in the Complaint.  Plaintiff's request to add the proposed Count II is DENIED, in part.  Plaintiff may not file Count II as written.  Plaintiff, however, may file an amended Count II which joins as additional defendants the entities related to Defendant that Plaintiff claims participated in the transfers alleged in Count II.  Plaintiff is directed to file an amended complaint that comports with this Opinion by January 25, 2013.  Defendant Toledo, Peoria & Western Railway Corp. is directed to answer or otherwise plead by February 8, 2013.  Parties are directed to meet and confer and submit proposed supplemental deadlines by February 15, 2013.  Final pretrial and bench trial dates currently scheduled are cancelled.

ENTER:   January 2, 2013

*s/ Byron G. Cudmore*
UNITED STATES MAGISTRATE JUDGE