E-FILED
Tuesday, 05 November, 2013  02:18:11 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KEOKUK JUNCTION, RAILWAY COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-CV-1139 |
| TOLEDO, PEORIA & WESTERN, RAILWAY CORP., et al., | ) ) ) | |
| Defendants. | ) | |

## <u>O R D E R</u>

This matter is before this Court following a Report and Recommendation [#80] issued by United States Magistrate Judge Byron G. Cudmore recommending Defendants' Motions to Dismiss [#38, 61, 64, 71] be allowed in part and denied in part.   Defendants, Toledo, Peoria & Western Railway Corp., ("TP&W) and San Pedro Trails Inc. ("San Pedro") filed their Objection [#81], and Keokuk Junction Railway Company ("Plaintiff") filed an Objection [#82].   For the following reasons, the Court adopts in-part the findings of the Report and Recommendation.

### BACKGROUND

Judge Cudmore sufficiently set forth the relevant facts in the comprehensive Report and Recommendation and we need not restate it here.   Suffice it to say, this action arises out of TP&W's alleged failure to comply with several Surface Transportation Board ("STB") decisions regarding the forced sale of a 76-mile rail line, spanning from LaHarpe, Illinois to Hollins, Illinois ("Rail Line") to Plaintiff.   Several Defendants moved to dismiss Counts IV through XII for lack of subject matter jurisdiction and failure to state a claim.   The Magistrate Judge concluded that the Motions to Dismiss for lack of subject matter jurisdiction should be denied and the Motions to

Dismiss for failure to state a claim should be granted.

Defendants TP&W and San Pedro objected to the portions of the Report and Recommendation with respect to this Court's subject matter jurisdiction as to Counts IV through XII.   Plaintiff objected to portions of the Report and Recommendation with respect to the Report's rejection of Plaintiff's arguments that (1) the properties at issue in Counts VI, VII, VIII, and XII were part of TP&W's original interest of the Rail Line, (2) the conveyances alleged in Counts IV through XII were void and all property described therein remained part of TP&W's original interest, and (3) Counts IV through XII properly state a claim.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a magistrate judge's report and recommendation to which written objections have been made.   *See* Fed. R. Civ. P. 72(b).   "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."   Id.

## ANALYSIS

### Subject Matter Jurisdiction

Defendants argue this Court lacks subject matter jurisdiction over the transfers alleged in Counts VI, VII, VIII, and XII because they occurred before Plaintiff commenced the Feeder Application on April 9, 2003; therefore, the Counts should be dismissed pursuant to Rule 12(b)(1). Defendants also argue this Court lacks subject matter jurisdiction over the transfers alleged in the Counts IV, V, IX, X, and XI because they occurred after the filing of the Plaintiff's Feeder Application but before the STB issued its February 7, 2005 decision and were not included in the properties to be sold; and therefore, they should be dismissed as well.   The Magistrate concluded

this Court does in fact have subject matter jurisdiction over Counts IV-XII.   This Court concurs

with and adopts the Magistrate's detailed discussion and recommendation regarding this Court's

subject matter jurisdiction.   Therefore, the Motions to Dismiss for lack of subject matter

jurisdiction are DENIED.

**<u>Failure to State a Claim</u>**

Defendants also argue Counts IV through XII should be dismissed for failure to state a

claim pursuant to Rule 12(b)(6).   Plaintiff alleges in Counts IV through XII that Defendant

TP&W transferred interests in the Rail Line to other named Defendants while the Rail Line was

subject to STB proceedings and without the permission of the STB.   Plaintiff relied on the Sixth

Circuit opinion <u>R.R. Ventures, Inc. v. Surface Transp. Bd.</u> 299 F.3d 523 (6th Cir. 2002) in arguing

Defendant TP&W's transfers were void.   The Magistrate gave a detailed factual background of

<u>R.R. Ventures, Inc.</u>, which we are incorporating by reference here. <u>See</u> Report and

Recommendation, p. 31.

Plaintiff argues <u>R.R. Ventures</u> held that all transfers made during the pendency of the STB

proceeding are void.   Therefore, since the Rail Line at issue here had been subject to an STB

proceeding from January 10, 2001 until the time it was sold to Plaintiff on February 11, 2005,

Plaintiff argues that any transfer affecting the interest of the Rail Line made without the approval

of the STB during that time frame is void. The Magistrate disagreed with Plaintiff's reading of

<u>R.R. Ventures, Inc.</u> and concluded that "a more accurate statement of the holding is that the

purchaser, or any interested party, has the right to challenge such transfers." <u>See</u> Report and

Recommendation, p. 31. The Magistrate Judge found that because Plaintiff did not challenge the

transfers during the pendency of an STB proceeding or on direct appeal or judicial review the

transfers were not void; therefore, Plaintiff failed to state a claim as to Counts IV-XII.

We agree with Plaintiff and find that Plaintiff properly stated a claim as to Counts IV-XII. After a careful reading of R.R. Ventures, we disagree with the Magistrate's interpretation of the holding in the case. The Sixth Circuit's holding was clear: "until such time that the STB loses jurisdiction over the matter, any transactions affecting the property interest associated with the rail line entered into by a rail owner after the filing an abandonment petition are invalid." R.R. Ventures, Inc. v. Surface Transp. Bd., 299 F.3d 523, 554(6th Cir. 2002).  The STB's jurisdiction attached to the Rail Line on January 10, 2001, when SF&L applied to the STB for exemption to the operate Rail Line.  The Rail Line was subject to STB proceedings from January 10, 2001 until it was sold on February 11, 2005, thus the STB maintained jurisdiction over the Rail Line during that time frame.

The Sixth Circuit did not hold that a party must challenge transfers as a prerequisite to voiding unauthorized transfer that affect the property interest of a rail line. The Magistrate's interpretation of R.R. Ventures, Inc. places an undue burden on parties who go through the proper channels to acquire a rail line by requiring them to monitor transfers made by rail owners that affect the property of interest of the rail line even though the STB has expressly stated that rail owners need their approval to make such transfer.  In addition, rail owners would be allowed to circumvent the acquisition process without any fear of penalty so long as they do not get caught making the unauthorized transfers.  Further, the holding would not protect parties, such as the Plaintiff here, who allege that they were unable to challenge some of the transfers because they were unaware of them. See Pl. Obj. to Report and Recommendation, ¶ 32.

The Sixth Circuit also noted in R.R. Ventures, Inc. that the STB approved certain transfers

4

made after the rail owner filed its abandonment petition; however, we agree with Plaintiff's argument that the Sixth Circuit was merely trying to explain why it was unnecessary to go into the merits of why some transfers were not voided. The Sixth Circuit did not void the transfers because purchaser failed to challenge the transfers during the abandonment proceeding, but rather because the rail owner was never ordered to convey and the purchaser never sought to acquire the properties in question. Id. at 556.    The properties did not affect aspects of the rail line that purchaser sought to acquire as evidenced by the Sixth Circuit's affirmance of the "STB's October 4, 2000 decision to the extent that it ordered RVI to transfer its entire fee simple interest in the rail line as described in RVI's abandonment Petition." Id.

A review of the record indicates that the Defendants who allegedly received portions of the Rail Line in Counts IV-XII were noncarriers.   "Noncarriers require Board approval under section 10901 to construct, acquire or operate a rail line in interstate commerce." 49 CFR 1150.1. Further, "a person other than a rail carrier may acquire a railroad line…only if the Board issues a certificate authorizing such activity." 49 USCS § 10901. The record indicates that the Defendants failed to obtain authorization from the STB to make the transfers alleged Counts IV-XII; therefore, Plaintiff properly stated a claim in that regard.

This Court finds that the Defendants were required to obtain approval from the STB before making the transfers alleged in Counts IV-XII and Plaintiff was not required to challenge the transfers before they could be voided; therefore, the Plaintiff stated a claim as to Count IV-XII which entitles them to relief.

**<u>CONCLUSION</u>**

For the reasons set forth above, Defendants TP&W, San Pedro Trails, Strong Capital,

Kenneth L. Dean, Nina S. Dean, Jeffrey F. Dean, and Melissa A. Dean's collective 12(b)(1) and

12(b)(6) Motions to Dismiss [#38, 61, 64, 71] are DENIED.


ENTERED this 5th day of November, 2013.


/s/ James E. Shadid
James E. Shadid
Chief United States District Judge